Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
631.351.0300
631.351.1900 FAX
DubinJS@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

SHEET METAL WORKERS' NATIONAL
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE
FOR THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; SHEET METAL
OCCUPATIONAL HEALTH INSTITUTE
TRUST; INTERNATIONAL TRAINING
INSTITUTE FOR THE SHEET METAL AND
AIR CONDITIONING INDUSTRY; and
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

        Plaintiffs,

        -against-

AUL SHEET METAL WORKS INC., and
YVES JEROME, as an individual,

        Defendants.

----------------------------------------------------------x

CIVIL ACTION NO.
**08cv0540(DC)**
ECF Case


COMPLAINT

Plaintiffs, complaining of the defendants, by their attorney, JEFFREY S. DUBIN,

allege as follows:

    1.    This is an action by five employee benefit plans to enforce the obligations of

the defendants to submit remittance reports; make contributions to these plans and for

interest, additional interest, reasonable attorney's fees and costs of action. This action also seeks to reclaim property of the plans that has been converted by the defendants and to remedy breaches of fiduciary obligations and prohibited transactions of the defendants.

2.     The jurisdiction of this Court is invoked under Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132; Federal Question Jurisdiction, 28 U.S.C. § 1331; Supplemental Jurisdiction, 28 U.S.C. § 1367.

3.     Sheet Metal Workers' National Pension Fund ("Pension Fund); National Energy Management Institute Committee For The Sheet Metal and Air Conditioning Industry ("NEMIC"); Sheet Metal Occupational Health Institute Trust ("SMOHIT"); International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"); and National Stabilization Agreement of the Sheet Metal Industry Fund ("SASMI"), are and were employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

4.     Upon information and belief, the defendant AUL SHEET METAL WORKS INC. ("corporate defendant") is and was a corporation, incorporated under the laws of the State of New York.

5.     Corporate defendant is and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

6.     At all times relevant hereto, corporate defendant has been doing business in

this district within the meaning of 28 U.S.C. § 1391.

7.    Venue is proper in this district pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

8.    Heretofore, corporate defendant entered into contracts which, *inter alia*, provided for contributions by corporate defendant to the Pension Fund and NEMIC, and SMOHIT, and ITI and SASMI (all of which are hereinafter called the "Benefits Funds") for certain hours worked by participants employed by said corporate defendant.

9.    The Benefits Funds are third party beneficiaries of said contract.

10.    Said contracts incorporate by reference the provisions of the Agreements and Declarations of Trust of the Benefits Funds.

11.    The contracts further provide that said Agreements and Declarations of Trust and the interpretations of these documents by the respective Boards of Trustees of the Benefits Funds are binding upon the defendants.

12.    Said Contracts, *inter alia*, provide that "contributions are considered assets of the respective Funds and title to all monies paid into and/or due and owing said Funds shall be vested in and remain exclusively in the Trustees of the respective Funds. The Employer shall have no legal or equitable right, title or interest in or to any sum paid by or due from the Employer."

13.    Said Contracts, *inter alia*, provide that "The Employer shall submit a remittance report and the required contributions to the NATIONAL BENEFIT FUNDS

by the twentieth (20th) of the month following the month when covered employment was performed. Failure to file said report with the required contributions adopted hereinabove shall constitute a delinquency in violation of the Employer's obligations under this Agreement. The Trustees and/or Directors of the various National Benefit Funds may take whatever steps they deem necessary, including legal action, to collect such delinquent payments and provision of the Agreement notwithstanding."

14.    Pursuant to said contracts, corporate defendant employed persons who were participants in the Benefits Funds within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7), while said contracts were in full force and effect.

15.    Pursuant to said contracts, corporate defendant is required to make contributions to plaintiffs for the period December 1, 2006 to the present.

16.    Pursuant to said contracts, corporate defendant is required to submit remittance reports for the period December 1, 2006 to the present.

17.    Defendant YVES JEROME ("individual defendant") is a principal owner of corporate defendant. Upon information and belief, the individual defendant exercises control over the activities and operations of corporate defendant and determines whether or not corporate defendant makes contributions to the Benefits Funds.

18.    Defendant YVES JEROME ("individual defendant") is a principal owner of corporate defendant. Upon information and belief, the individual defendant exercises control over the activities and operations of corporate defendant and determines whether

*Page Number -4-*

or not corporate defendant submits remittance reports to the Benefits Funds.

19.    Pursuant to ERISA Section 502(d)(1), 29 U.S.C. § 1132(d)(1) each of the

Benefits Funds may bring this action as an entity.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## ON BEHALF OF PLAINTIFF PENSION FUND

20.    Plaintiff Pension Fund repeats and realleges each and every allegation set

forth in paragraphs 1 through 19.

21.    Corporate defendant has failed and refused and continues to refuse to pay to

plaintiff Pension Fund the amounts owed to plaintiff in breach of the terms of the

Agreement and Declaration of Trust of the Pension Fund and in violation of the

provisions of Section 515 of ERISA, 29 U.S.C. § 1145, and in violation of the collective

bargaining agreement entered into by corporate defendant; said amounts are presently

unknown as corporate defendant has failed to submit remittance reports.

## AS AND FOR A SECOND CLAIM FOR
## RELIEF ON BEHALF OF PLAINTIFF NEMIC

22.    Plaintiff NEMIC repeats and realleges each and every allegation set forth in

paragraphs 1 through 19.

23.    Corporate defendant has failed and refused and continues to refuse to pay

to plaintiff NEMIC the amounts owed to plaintiff in breach of the terms of the Agreement

and Declaration of Trust of NEMIC and in violation of the provisions of Section 515 of

ERISA, 29 U.S.C. § 1145, and in violation of the collective bargaining agreement entered

into by corporate defendant; said amounts are presently unknown as corporate defendant has failed to submit remittance reports.

## AS AND FOR A THIRD CLAIM FOR
## RELIEF ON BEHALF OF PLAINTIFF SMOHIT

24.    Plaintiff SMOHIT repeats and realleges each and every allegation set forth in paragraphs 1 through 19.

25.    Corporate defendant has failed and refused and continues to refuse to pay to plaintiff SMOHIT the amounts owed to plaintiff in breach of the terms of the Agreement and Declaration of Trust of SMOHIT and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145; and in violation of the collective bargaining agreement entered into by corporate defendant; said amounts are presently unknown as corporate defendant has failed to submit remittance reports.

## AS AND FOR A FOURTH CLAIM FOR
## RELIEF ON BEHALF OF PLAINTIFF ITI

26.    Plaintiff ITI repeats and realleges each and every allegation set forth in paragraphs 1 through 19.

27.    Corporate defendant has failed and refused and continues to refuse to pay to plaintiff ITI the amounts owed to plaintiff in breach of the terms of the Agreement and Declaration of Trust of ITI and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145, and in violation of the collective bargaining agreement entered into by corporate defendant; said amounts are presently unknown as corporate defendant has

failed to submit remittance reports.

AS AND FOR A FIFTH CLAIM FOR
RELIEF ON BEHALF OF PLAINTIFF SASMI

28.    Plaintiff SASMI repeats and realleges each and every allegation set forth in paragraphs 1 through 19.

29.    Corporate defendant has failed and refused and continues to refuse to pay to plaintiff SASMI the amounts owed to plaintiff in breach of the terms of the Agreement and Declaration of Trust of SASMI and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145, and in violation of the collective bargaining agreement entered into by corporate defendant; said amounts are presently unknown as corporate defendant has failed to submit remittance reports.

AS AND FOR A SIXTH CLAIM FOR
RELIEF ON BEHALF OF THE BENEFITS FUNDS

30.    Plaintiffs Benefits Funds repeat and reallege each and every allegation set forth in paragraphs 1 through 29.

31.    By failing and refusing to turn over to the Benefits Funds the contributions, which are the property of the Benefits Funds, the corporate defendant and the individual defendant have converted the property of the Benefits Funds.

32.    Said defendants must singly and jointly disgorge to the Benefits Funds said converted assets in the amounts as are set forth hereinafter, no part of which has been paid although duly demanded.

*Page Number -7-*

## AS AND FOR A SEVENTH CLAIM FOR
## RELIEF ON BEHALF OF THE BENEFITS FUNDS

33.    Plaintiffs Benefits Funds repeat and reallege each and every allegation set forth on paragraphs 1 through 32.

34.    By exercising control over assets belonging to the Benefits Funds, the corporate defendant and the individual defendant are fiduciaries with respect to the Benefits Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

35.    By retaining assets of the Benefits Funds for their own use, said fiduciaries have breached the fiduciary obligations owed to the Benefits Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. § 1101 *et seq.*

36.    Said defendants are singly and jointly and individually liable to make restitution to the Benefits Funds in the amounts as are set forth hereinafter, no part of which has been paid although duly demanded.

## AS AND FOR AN EIGHTH CLAIM FOR
## RELIEF ON BEHALF OF THE BENEFITS FUNDS

37.    Plaintiffs Benefits Funds repeat and reallege each and every allegation set forth on paragraphs 1 through 36.

38.    Defendants have failed and refused and continue to refuse to submit the required remittance reports to the Funds in breach of the terms of the Agreements and

Declarations of Trust of the Funds, and in violation of the collective bargaining agreement entered into by defendants.

WHEREFORE, plaintiffs demand judgment in accordance with ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2):

1.      On the First Claim for Relief in favor of plaintiff Pension Fund and against corporate defendant in the amounts owed as shown in the remittance reports corporate defendant is required to provide the Pension Fund.

2.      On the Second Claim for Relief in favor of plaintiff NEMIC and against corporate defendant in the amounts owed as shown in the remittance reports corporate defendant is required to provide to NEMIC.

3.      On the Third Claim for Relief in favor of plaintiff SMOHIT and against corporate defendant in the amounts owed as shown in the remittance reports corporate defendant is required to provide to SMOHIT.

4.      On the Fourth Claim for Relief in favor of plaintiff ITI and against corporate defendant in the amounts owed as shown in the remittance reports corporate defendant is required to provide to ITI.

5.      On the Fifth Claim for Relief in favor of plaintiff SASMI and against corporate defendant in the amounts owed as shown in the remittance reports corporate defendant is required to provide to SASMI.

6.      In accordance with Section 502(g) of ERISA, 29 U.S.C. §

1132(g)(2), awarding plaintiffs on the foregoing claims for relief against corporate defendant:

a.      interest of 8½ % on said unpaid contributions pursuant to ERISA Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made.

b.      additional interest of 20% on said unpaid contributions pursuant to ERISA Section 502(g)(2)(C) and (E), 29 U.S.C. §§ 1132(g)(2)(C) and (E).

c.      reasonable attorneys fees and costs of the action pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

7.      On the Sixth Claim for Relief (regarding converted assets) in favor of plaintiffs Benefits Funds and against corporate defendant and individual defendant, jointly and severally, in the amounts owed as shown in the remittance reports defendants are required to provide to the Benefits Funds, plus interest and costs.

8.      On the Seventh Claim for Relief (regarding restitution for prohibited transactions) in favor of plaintiffs Benefits Funds and against corporate defendant and individual defendant, jointly and severally:

a.      in the amounts owed as shown in the remittance reports defendants are required to provide to the Benefits Funds;

b.      plus reasonable attorney's fees and costs pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1);

      c.      Plus interest,

9.      On the Eighth Claim for Relief in favor of plaintiffs Benefits Funds and against corporate defendant and individual defendant, jointly and severally:

      a.      Ordering defendants, jointly and severally to forthwith submit to the Funds the required remittance reports;

      b.      plus reasonable attorney's fees and costs pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1);

      c.      Plus interest,

10.      Such additional contributions to the Fringe Benefit Funds that become due and owing from the date of filing of this action until the date of entry of judgment in this action, plus, interest of 8½ % on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made, plus additional interest of 20% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C. §§ 1132(g)(2)(C) and (E), plus reasonable attorneys fees and costs pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D),

AND, for such other, further and different relief under ERISA and the laws of the

State of New York, as this Court deems appropriate.

Dated: January 21, 2008

> Jeffrey S. Dubin (JD-0446)
> Attorney for Plaintiffs
> 464 New York Avenue
> Suite 100
> Huntington, New York 11743
> 631.351.0300
> 631.351.1900 FAX
> DubinJS@cs.com

To:    Defendants (Fed.R.Civ.P. § 4)
       United States District Court (Fed.R.Civ.P. § 3)
       Secretary of Labor-by Cert. Mail (29 U.S.C. § 1132(h)
              RRR#: 7007 1490 0004 3854 3696
       Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132(h)
              RRR#: 7007 1490 0004 3854 9889